UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FREDERICK BANKS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 16-10972-DJC |
| ROBERT CESSAR, et al., | ) | |
| Defendants. | ) | |

**ORDER**

**CASPER, J.**                                                                                                     **April 13, 2017**

Now before the Court are the plaintiff's motions to appeal *in forma pauperis*. For the reasons set forth below, the motions are DENIED.

As the Court explained in its earlier orders of July 21, 2016 (D. 4) and February 7, 2017 (D. 9), Banks is a pretrial detainee and therefore is a prisoner within the meaning of 28 U.S.C. § 1915(h). That he is currently hospitalized to receive mental health evaluation and treatment to possibly restore him to competency, see United States v. Banks, Crim. No. 2:15-cr-00168-MRH (W.D. Pa.), does not change his prisoner status. The basis of his confinement is a pending criminal prosecution—not a civil proceeding. See, e.g., Gibson v. City Municipality of New York, 692 F.3d 198, 202 (2d Cir. 2012) (per curiam) (holding that where state criminal proceedings were suspended but not terminated while plaintiff underwent treatment to restore capacity, plaintiff was a prisoner for purposes of 28 U.S.C. § 1915(h)).

Banks is a "three strikes" litigant, meaning that he has, while a prisoner, filed three or more civil cases in federal court that were dismissed as malicious or frivolous or for failure to

state a claim for relief.  See 28 U.S.C. § 1915(g).  He can only proceed without prepayment of a fee if his case presents a claim of imminent danger of serious physical injury.  See id.  No such claim exists in this action, which is why the Court would not allow him to proceed *in forma pauperis* and dismissed the case after he failed to pay the filing fee.  Because the "three strikes" rule applies to appeals as well as cases filed in the district court, see id., Banks cannot appeal *in forma pauperis*.

Further, Banks does not appear to be financially eligible for *in forma pauperis* status.  He represents in his motions that he owns real estate valued at $250,000, a vehicle valued at $30,000, and stocks of an unspecified value.  He also reports that he has cash or money in a checking or savings account.  Although his handwriting is unclear, it appears in the first-filed motion (D. 13) that the amount thereof is $50,000.  Without further clarification of the amount and nature of these alleged assets, the Court cannot conclude that he is unable to pay the appeal fee.

The motions to appeal *in forma pauperis* (D. 13, 14) are DENIED.  Banks may file a motion to appeal *in forma pauperis* with the United States Court of Appeals for the First Circuit within 30 days of service of this order.  *See* Fed. R. App. P. 24(a)(5).  The Clerk shall immediately transmit this order to the First Circuit.

**SO ORDERED.**

/s/ Denise J. Casper
United States District Judge